# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **Tracey M. Gragg** ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-3169 |
| ) | |
| **Sangamon County Animal Control** ) | |
|     **Defendant** ) | |

## REPORT AND RECOMMENDATION

On August 31, 2021, plaintiff asked that she be allowed to substitute for her deceased husband who was the original plaintiff. That motion was granted. After defendant answered, the Court set a scheduling conference by phone. At the February 25, 2022, scheduling conference, the Court was unable to reach plaintiff at the number provided. After defendant served interrogatories and requests to produce on plaintiff, she filed an unsigned document purporting to be a proof of service, claiming interrogatory answers were hand-delivered to defense counsel.

Defendant filed a motion to compel [20] in which defendant indicated it had not received the discovery responses plaintiff purportedly hand delivered to defense counsel. Plaintiff did not respond to defendant's motion. On January 4, 2023, the Court set this matter for a hearing on January 27, 2023, on the motion to compel. Because plaintiff did not appear for a telephonic Rule 16 conference on February 25, 2022 [d/e 13], the Court included in the order a notification that appearance at the January 27, 2023, hearing was mandatory and plaintiff's failure to appear could result in sanctions up to and including dismissal of the action [Text Order 1/4/2023].

1

Plaintiff did not appear at the hearing on January 27, 2023. Because the Court could not confirm the hearing notice was served on plaintiff, the Court rescheduled the matter for hearing on February 17, 2023, on the motion to compel [Text Order 1/30/2023]. In separate mailings, plaintiff was sent a copy of the docket entry setting the hearing and a text order notifying plaintiff that her appearance was mandatory and that plaintiff's failure to appear could result in sanctions up to and including dismissal of this action.

At the hearing on defendant's motion to compel on February 17, 2023, defendant appeared through counsel. Plaintiff did not appear. Plaintiff also did not contact the Court or file a motion asking that the hearing in this matter be rescheduled.

The Court granted the motion to compel [d/e 21]. Plaintiff was ordered to provide defendants with initial disclosures and responses to interrogatories and requests to produce within 14 days of the Court's order. Plaintiff was also ordered to file a proof of service demonstrating compliance with the order. In addition, the Court ordered plaintiff to show cause why the action should not be dismissed for want of prosecution or sanctions should not be imposed for disobedience of the Court's order. The time for plaintiff to respond to these directives from the Court has passed without any response from plaintiff.

Plaintiff was warned in both the order to attend the hearing on the motion to compel and in the order to show cause that disobedience of the Court's orders could result in dismissal. In addition, plaintiff is aware of the consequences of disobedience of court orders from her past litigation in the Central District of Illinois. The following cases were dismissed for failure to obey court orders:

1. Gragg v. Wendy's International, Inc., 10-3115 – Dismissed for want of prosecution when plaintiff disregarded order to pay the filing fee.

2. Gragg v. Sojourn Women Shelter, 17-3006 – Dismissed for want of prosecution when plaintiff disregarded order to file an amended complaint.

3. Gragg v. R & J Holdings 1, Inc., 20-3007 – Dismissed for want of prosecution when plaintiff disregarded order to pay the filing fee.

4. Gragg v. The Seeing Eye, 20-3307 – Dismissed for want of prosecution for disregarding order to file a motion to proceed without prepayment of fees and costs.

5. Gragg v. K9 Wild, 21-3170 – Dismissed for want of prosecution when plaintiff disregarded order to file an amended complaint.

6. Gragg v. Joy, 21-3188 – Dismissed for want of prosecution when plaintiff disregarded an order to pay the filing fee or file an application to proceed without prepayment of fees or costs.

Rule 41(b) of the Federal Rules of Civil Procedure provides an action may be dismissed for failure to prosecute or disobedience of a Court order. Dismissal is also authorized by Rule 37(b)(2). For litigation to proceed, the parties are obligated to provide discovery. Plaintiff has not cooperated in that process and the litigation is at a standstill. Plaintiff appears to have abandoned her efforts to prosecute the case. To get the case back on track, the Court ordered plaintiff to attend a hearing on the motion to compel and, when that failed, ordered plaintiff to respond to the discovery requests. Plaintiff was also ordered to show cause why the action should not be dismissed for want of prosecution or why sanctions should not be imposed. Plaintiff has not responded with any objection to dismissal or the imposition of sanctions.

Plaintiff is appearing *in forma pauperis* and monetary sanctions do not appear viable. Plaintiff's complaint only gives defendant a vague outline of the alleged wrongful

conduct, without even naming the agents of defendant who allegedly acted wrongfully. It is not equitable to force defendant to proceed in this action without the discovery plaintiff refuses to provide.

Because lesser sanctions do not appear sufficient to rectify plaintiff's misconduct, plaintiff was given fair warning of the consequences of disobeying the Court's orders, and plaintiff has apparently abandoned prosecution of this action; it is recommended that this action be dismissed without prejudice, allowing plaintiff to refile only after paying the costs of defendants' efforts to secure compliance with its discovery requests, including attorneys' fees. Defendant should provide plaintiff with a statement of these costs within 14 days of entry of any order of dismissal.

**Pursuant to the terms of Rule 72(b) of the Federal Rules of Civil Procedure, any party wishing to object to this Report and Recommendation must serve and file specific written objections within 14 days after being served with a copy of this recommendation.**

**KAREN L. MCNAUGHT, United States Magistrate Judge:**

ENTERED:  March 13  , 2022.

                           /s/ Karen L. McNaught
                          _____
                           KAREN L. MCNAUGHT
                    UNITED STATES MAGISTRATE JUDGE